*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| In the Matter of the Necessity for the Hospitalization of: | ) ) ) | Supreme Court No. S-16750 |
| BRANDI A. | ) ) ) | Superior Court No. 3AN-17-01203 PR |
| | ) ) ) | MEMORANDUM OPINION AND JUDGMENT[*] |
| | ) ) | No. 1709 – January 23, 2019 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Brandi A., pro se, Anchorage, Appellant. Dario Borghesan and Shelley J. White, Assistant Attorneys General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the State of Alaska.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

Brandi A.[1] represents herself in this appeal from the superior court's orders authorizing her involuntary evaluation, commitment, and medication for treatment of mental illness pursuant to AS 47.30.705-15 (evaluation), 47.30.730-35 (commitment),

---

[*] Entered under Alaska Appellate Rule 214.

[1] The State of Alaska referred to Ms. A. in its brief as "Brandi" to protect her privacy. We use the same name as the State in this opinion for the same reason.

and 47.30.839 (medication).[2] We affirm the superior court's decisions because the evidence presented supports its orders and meets the statutory and constitutional requirements.

Brandi makes a number of arguments on appeal, but some of them are not properly before this court because they are not directly relevant to the superior court's orders and the laws it has to follow for involuntary evaluation, commitment, and medication.[3] We address the remaining ones.

Brandi argues that she was unlawfully committed for longer than 30 days. She is correct that she was hospitalized for a total of more than 30 days: she arrived at the Providence Medical Center emergency room on May 9, 2017, and was released from the Alaska Psychiatric Institute (API) 37 days later on June 15. But she was not involuntarily committed for all of that time.

A police officer brought Brandi to Providence on May 9 after receiving reports of her unusual and frightening behavior. Providence medical staff petitioned for an order to hospitalize and evaluate Brandi. She was transferred to API the next evening, after the standing master recommended granting Providence's petition. The superior court accepted the master's recommendation on May 11 and granted the order.

---

[2] We review her claims, although moot, pursuant to our decision in *In re Naomi B.*, __P.3d__, Op. No. 7328, 2019 WL ___ (Alaska 2019).

[3] Those arguments include: that it was inappropriate to detain her involuntarily because she did not commit a crime and was not suicidal; that no hearing was held before the court ordered her evaluation; that no affidavit was filed with the petition for involuntary commitment; that there was confusion regarding the proper judicial district for the case; that she did not receive effective assistance of counsel in this case and others; that there were safety concerns at the Alaska Psychiatric Institute (API); and several arguments relating to a different superior court matter.

Whether the evaluation period began on Wednesday, May 10, or Thursday, May 11, the 72 hours for her evaluation did not expire until Monday, May 15. This is because the statute that calculates the relevant time period states that "computations of a 72-hour evaluation period . . . do not include Saturdays, Sundays, legal holidays, or any period of time necessary to transport the respondent to the treatment facility."[4] Saturday, May 13 and Sunday, May 14 were not counted as part of the 72 hours.

The court originally scheduled a hearing for May 15. But attorneys for both Brandi and the State agreed to continue the hearing until May 17, and then to an additional day's delay until May 18. The time between the originally scheduled hearing and May 18 does not count against the 72 hours because Brandi's attorney agreed on Brandi's behalf to the delay.

At the May 18 hearing the magistrate recommended that the superior court grant both the petition for involuntary commitment and the petition for involuntary medication. The superior court accepted both recommendations.

As a result, Brandi was committed to API on May 18. She was released on June 15 — after 28 days. She was therefore not committed for more than 30 days, even though the total amount of time she was hospitalized was longer than 30 days.

Brandi also argues that there was not sufficient proof of several of the factors that the court must find before ordering a person's commitment or involuntary medication. She specifically argues that the court erred first by not sending her to the Alaska Native Medical Center or a related outpatient program for evaluation and commitment instead of sending her to API; second by finding that she was not capable of giving or withholding informed consent to medication; and finally by ordering that she be involuntarily medicated based upon only the recommendation of an advanced nurse

---

[4] AS 47.30.805(a)(1).

practitioner rather than a doctor. But Brandi's attorney agreed that the nurse practitioner was an expert and did not question his testimony or opinions. The court then based its decisions upon the expert's testimony that there was no less restrictive alternative to API[5] and that she was not capable at that time of giving or withholding informed consent.

For these reasons, we AFFIRM the superior court's orders that Brandi be committed for up to 30 days for treatment of her mental illness because she was gravely disabled and that she be involuntarily medicated while committed.

---

[5] As required by AS 47.30.655, 47.30.915(11), and our previous cases. *See In re Mark V.*, 375 P.3d 51, 59-60 (Alaska 2016); *In re Joan K.*, 273 P.3d 594, 601-02 (Alaska 2012).